543 P.2d 1273 (1975)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Jimmy Wynn BARTSCH, Defendant, and
his bondsman, William Kearns, d/b/a Brook Bail Bonds, Defendant-Appellant.
No. 74-591.
Colorado Court of Appeals, Div. III.
October 23, 1975.
Rehearing Denied November 13, 1975.
Certiorari Denied January 19, 1976.
*1274 Floyd Marks, Dist. Atty., Brian T. McCauley, Deputy Dist. Atty., Commerce City, for plaintiff-appellee.
Lewis E. Eagan, Charles P. Miller, James J. Scott, Aurora, for defendant-appellant.
Selected for Official Publication.
VanCISE, Judge.
William Kearns, d/b/a Brook Bail Bonds (the bondsman), appeals from a $5,000 judgment entered against him on a bail bond forfeiture. We reverse.
On April 15, 1974, one Jimmy Wynn Bartsch was arrested on a county court complaint for aggravated robbery (§ 18-4-302, C.R.S.1973) allegedly committed on April 13. Bartsch was released from custody on the execution of a $5,000 recognizance bond by him as principal and by the bondsman as surety. The bond was designated as being issued relative to a charge of "Armed Robbery," but we assume it was intended as security for Bartsch's appearance to answer to the aggravated robbery charge.
Subsequently, the matter was bound over to the district court, and the bond was continued and transferred to that court. Pursuant to the bind-over order, a one-count information was filed against Bartsch for the aggravated robbery. He pled not guilty, and the matter was set for trial on September 11. The bond again was continued.
On the trial date, with the consent of Bartsch and leave of court, a second count of simple robbery (§ 18-4-301, C.R. S.1973) was added to the information. This charge contained the same fact allegations as the first count except that it did not include any averments about Bartsch being armed with a deadly weapon or concerning his intention, if resisted, to inflict serious injury upon his victim. The second count, simple robbery, is a lesser included offense within the charge of aggravated robbery. See People v. Reed, 180 Colo. 16, 502 P.2d 952.
The transcript and related minute order show that Bartsch pled guilty to the second count, that the court "entered" and "received" the plea, and that, on Bartsch's request, the court granted Bartsch leave to apply for probation. Although the minute order shows the bond was continued, no consent was sought or obtained from the bondsman for the continuation of the bond.
On October 24, 1974, Bartsch did not appear. The court declared the bond forfeited and directed that a citation issue to the bondsman requiring him to show cause why judgment should not enter against him on the bond. A bench warrant was issued for Bartsch's arrest. On November 21, the date set in the citation, when Bartsch still did not appear, judgment was entered against the bondsman in the amount of the bond.
On December 6, the bondsman filed a motion to set aside the judgment based on lack of written consent to continuation of the bond after the entry of the guilty plea. On December 12, the court denied the motion and stated:
"All bonds remain in effect until final determination of a case period, and the final determination means after judgment is entered as far as this court is concerned."
The issue on this appeal is: Upon the entry by a criminal defendant of a plea of guilty to a lesser offense included within the original charge for which a bail bond has been posted, is the consent of the surety necessary for that bond to be continued?
The applicable statute is § 16-4-201, C. R.S.1973, which provides that:
"After conviction, either before or after sentencing, the defendant may . . . move for release on bail . . . and. . . the trial court, in its discretion, may continue the bond given for pretrial release . . . . No bond shall be continued in effect following conviction unless the written consents of the sureties, *1275 if any, are filed of record." (emphasis supplied)
Accordingly, the meaning of "conviction" in the above statute is the key to resolving the above issue.
Each clause of a legislative enactment is presumed to have a purpose. Colorado State Civil Service Employees Ass'n v. Love, 167 Colo. 436, 448 P.2d 624. A statute should be read as a whole, and effect should be given to each clause. Union Pacific R.R. v. Public Utilities Commission, 170 Colo. 514, 463 P.2d 294; Ferris v. Chambers, 51 Colo. 368, 117 P. 994. Applying these principles here, in order to give meaning to the words "either before or after sentencing," the word "conviction" in the statute cannot include sentencing; it must refer to an occurrence before sentence.
Furthermore, the statute on procedure and effect of guilty pleas provides that: "The acceptance by the court of a plea of guilty . . . acts as a conviction for the offense." Section 16-7-206(3), C. R.S.1973. Also, in the statute on double jeopardy is a provision: "There is a conviction if the prosecution resulted in . . a plea of guilty accepted by the court." Section 18-1-301(1) (c), C.R.S.1973. The court "accepted" the plea when it was "received" and "entered," and when leave was granted to the defendant to apply for probation. Only persons who have been "convicted" of an offense are eligible to apply for probation. Section 16-11-201 (1), C.R.S.1973.
Accordingly, we hold that, for purposes of the bail bond statute, a "conviction" occurs and is complete either upon the entry of a guilty verdict following trial or upon the acceptance of a plea of guilty, either to the original charge or to a lesser included charge. See Swift v. People, 174 Colo. 259, 488 P.2d 80.
The acceptance of the guilty plea to the simple robbery count constituted an acquittal of the greater offense, § 18-1-301 (1) (a), C.R.S.1973, and a conviction of the lesser. It thus constituted a final disposition of both offenses by the trial court pursuant to both the statute and Crim.P. 46(b) and amounted to an "answer to the charge" under the bond. Although sentencing must follow, it is not a part of the conviction, but is merely a proceeding resulting therefrom. The bondsman, not having consented to the continuance, is not obligated under the bond for Bartsch's failure to appear for sentencing following the entry of his guilty plea.
The judgment is reversed and the cause is remanded to the district court with directions to vacate the judgment and to discharge the bondsman from the bond.
PIERCE and STERNBERG, JJ., concur.