# JANUARY TERM, 1979

## No. 28095

### The People of the State of Colorado v. Rudolph Benie Jacquez

(588 P.2d 871)

Decided January 8, 1979.

Nolan L. Brown, District Attorney, John R. Barksdale, Deputy, for plaintiff-appellant.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Peter Schild, Deputy, for defendant-appellee.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

The district attorney appeals from an adverse ruling involving the interpretation of the habitual criminal statute, section 16-13-101 *et seq.,* C.R.S. 1973. We disapprove the ruling.

Defendant was convicted by a jury of second-degree burglary (section 18-4-203, C.R.S. 1973) and felony theft (section 18-4-401, C.R.S. 1973).

A trial was then held on three habitual criminal felony counts. The information in count 3 charged the defendant with having been convicted of burglary on January 7, 1963. In count 4, defendant was charged with having been convicted of robbery in Denver on October 22, 1964. In count 5, defendant was charged with having been convicted of possession of narcotic drugs in Denver on May 15, 1969.

In support of the habitual criminal charges, the district attorney introduced in evidence properly authenticated copies of the record of proceedings in each case, which included certified copies of the criminal information, judgment and sentence, and mittimus to the penitentiary. Each certified copy of the judgment and the sentence showed that the defendant had pled guilty to the felony charge and that judgment had been entered on the date as set forth in the respective habitual criminal counts.

In further support of the habitual criminal charges, the district attorney presented evidence establishing that the defendant was the same person previously charged and convicted as alleged in the habitual criminal counts.

At the conclusion of the People's case, the defendant moved to dismiss the habitual criminal counts on the grounds that the dates of the prior convictions, as alleged in counts 3 and 4, were erroneous. The defendant established in support of his motion that in count 3 the defendant had entered his plea of guilty to burglary on September 21, 1962, rather than on January 7, 1963, as alleged in habitual criminal count 3. And, similarly, the defendant established that he pled guilty to robbery on August 24, 1964, rather than on October 22, 1964, as alleged in count 4. Defense counsel successfully argued to the court that the effective date of the conviction was the date the plea of guilty was entered by the defendant and not the date the judgment of conviction was entered by the court. Although the district attorney moved to amend counts 3 and 4 to show the

date on which the plea had been entered in each case, the court ruled that the allegation of the time of the prior conviction was one of substance, and not form, and, therefore, the charges could not be amended after the trial of the habitual criminal counts had commenced. The court then dismissed all three habitual criminal counts.[1]

We hold that the court erred in its interpretation of the criminal statute in holding that the effective date of a prior conviction is the time that a plea of guilty is entered by a defendant, a jury's verdict of guilt is received by the court, or a finding of guilt is made by the trial judge in a trial to the court.

We recognize that the term "conviction" may have a different meaning in different statutory contexts.[2] In *People v. Enlow,* 135 Colo. 249, 310 P.2d 539 (1957), the problem was noted by the court:

"What meaning should be attached to the term 'conviction' as used in C.R.S. '53, 35-1-5 (5)? To define the word is no easy task. Its meaning in other situations has run the gamut of proceedings from a plea of guilty or the verdict of a jury, *People v. Brown,* 87 Colo. 261, 286 Pac. 859, to the last expression of this court, *Read v. Read,* 119 Colo. 278, 202 P. (2d) 953. * * *"

In reaching our conclusion here, we examine the language of the habitual criminal statute.

Section 16-13-101(2), C.R.S. 1973, provides:

"* * * Such former *conviction or convictions and judgment or judgments* shall be set forth in apt words in the indictment or information. * * *" (Emphasis added.)

Section 16-13-102, C.R.S. 1973, provides:

"* * * On any trial under the provisions of this part 1, a duly authenticated copy of the record of former *convictions and judgments* of any court of record for any of said crimes against the party indicted or

---

[1] As to count 5, the defendant had no quarrel, inasmuch as the date the plea of guilty was entered was the same date when judgment was entered. Count 5 was dismissed because standing alone it could not be used for sentence enhancement purposes.

[2] The meaning of "conviction" may vary depending upon the statute in which it is used and the issue in the particular case. The keynote is the legislative intent behind the use of the word in the statute in question. Other decisions, therefore, have construed the word "conviction" so as to give effect to the intent of the legislature. *See People v. District Court,* 192 Colo. 375, 559 P.2d 235 (1977) (in the context of sentencing under the habitual criminal statute, "conviction" means a guilty verdict for which a defendant had been sentenced and does not mean a final determination after appeal); *People v. District Court,* 191 Colo. 558, 554 P.2d 1105 (1976) (in the context of the class 1 felony sentencing statute, "conviction" means convicted upon trial and does not mean a final determination after appeal); *Rodriquez v. People,* 191 Colo. 540, 554 P.2d 291 (1976) (in the context of the bail bond statute, "conviction" occurs upon entry of a guilty plea); *People v. Salazar,* 39 Colo. App. 409, 568 P.2d 101 (1977) (in the context of probation revocation statute, "conviction" means convicted upon trial); *People v. Bartsch,* 37 Colo. App. 52, 543 P.2d 1273 (1975) (in the context of the bail bond statute, "conviction" occurs upon entry of guilty verdict or upon acceptance of a guilty plea).

informed against shall be prima facie evidence of such convictions and may be used in evidence against such party." (Emphasis added.)

In our view, from the use of the words of the statute — convictions and judgments — the time of a prior conviction for the purposes of the habitual criminal statute is the date the judgment of conviction is entered in the trial court. It is evident from the language used that a plea of guilty, a guilty verdict, or a finding of guilty by the trial judge, alone, could not effectively be used to enhance the punishment for the reason that the conviction process is incomplete. Until there has been an adjudication of guilty by the entry of judgment, the fact of guilt has not been judicially declared.

■ The district attorney, by properly authenticated documents, established that the defendant had been previously convicted of felonies on the dates alleged in the habitual criminal counts of the information. The issues thereon should have been submitted to the trial jury, subject to such defenses as the defendant may have presented.

Our attention has been directed to our decision in *Swift v. People*, 174 Colo. 259, 488 P.2d 80 (1971). We regard *Swift* as inapposite. The problem there related to an allegedly invalid sentence in connection with a prior conviction in the state of New Mexico. We held the sentence not to be a part of the conviction. We do not view our determination here to be inconsistent with *Swift*.

The ruling is disapproved.