## No. 28236

### The People of the State of Colorado v. Robert Chavez

(599 P.2d 261)

Decided September 4, 1979.

Paul Q. Beacom, District Attorney, Marc P. Mishkin, Deputy, Suzanne A. Schiro, Deputy, for plaintiff-appellant.

J. Gregory Walta, State Public Defender, Norman R. Mueller, Deputy, for defendant-appellee.

*En Banc.*

CHIEF JUSTICE HODGES delivered the opinion of the Court.

The district attorney appeals the trial court's judgment dismissing an habitual criminal charge against the defendant. The defendant was charged and convicted of conspiracy to commit burglary and criminal trespass. The people had charged and attempted to prove that the defendant should be given an enhanced sentence due to several prior felony convictions. This charge was dismissed by the trial court after the prosecutor had introduced evidence of three prior judgments of conviction against the defendant. The court based its ruling upon the fact that the prosecutor had proved the entry of judgments rather than the pleas or verdicts of guilt. The district attorney has argued to this court that proof of the judgments and not the pleas or verdicts is necessary for the application of the habitual criminal statute. Section 16-13-101, C.R.S. 1973 (now in 1978 Repl. Vol. 8). Subsequent to the trial court's ruling, this court passed upon the same issue in *People v. Jacquez,* 196 Colo. 569, 588 P.2d 871 (1979). In accord with *Jacquez,* we disapprove of the dismissal of this habitual criminal charge. The question presented in both *Jacquez* and this case involves the proof required to establish a "conviction" before a defendant's penalty may be enhanced.

We held in *Jacquez* that the term "conviction" referred to the entry of judgment for the purpose of proving that the defendant had been involved in prior criminal activity. Thus, the allegation and proof necessary to sustain the imposition of an enhanced penalty under subsection 16-13-101(2) focus upon the entry of judgment. Since the prosecutor charged and proved the entry of judgment for three prior convictions, the trial court erred in ruling that the enhanced penalty could not be imposed.

Judgment of dismissal disapproved.

JUSTICE LEE and JUSTICE CARRIGAN do not participate.