## No. 79SA410

**Robert L. Walker v. The District Court for the Fourth Judicial District, State of Colorado, the Honorable William M. Calvert, Judge of the District Court**

(606 P.2d 70)

Decided February 4, 1980.

Terry L. Perlet, for petitioner.

William M. Calvert, pro se, and for respondent District Court for the Fourth Judicial District.

*En Banc.*

JUSTICE GROVES delivered the opinion of the Court.

Pursuant to C.A.R. 21 petitioner asked this court to issue an order to show cause as to why the respondent court should not consider the granting of a deferred sentence under section 16-7-403, C.R.S. 1973. We issued the rule and, having considered the arguments presented, now discharge it.

Petitioner was charged before the respondent court with driving while his license was revoked, in violation of section 42-2-206, C.R.S. 1973, and with careless driving. The district attorney and the defendant through his attorney conducted plea negotiations and entered into an agreement whereby the defendant agreed in part to: (1) enter a plea of guilty to careless driving, and (2) enter a negotiated deferred sentence plea of guilty on the charge of driving after judgment prohibited.

In accordance with section 16-7-403(2), C.R.S. 1973, a stipulation for a deferred judgment and sentence was prepared and signed by the district attorney, the defendant, and his attorney of record. When the matter came for trial, the stipulation was tendered to the respondent court with a request for a deferred judgment and sentence. The court refused to consider the stipulation.

The district attorney and the petitioner share the view that under section 16-7-403 the court must consider all stipulations, including the one offered here, to plead guilty and to receive a deferred sentence. The

respondent court, on the other hand, believes that the statute outlawing driving after judgment prohibited in all cases requires a mandatory sentence for its violation. The issue involves the conflict between these two statutes and, specifically, whether section 16-7-403 nullifies the mandatory sentence requirement of section 42-2-206.

In 1973 the General Assembly enacted sections 42-2-201 *et seq.*, C.R.S. 1973, which address the problem of habitual offenders of motor vehicle operation laws. The expressed policy of this statute is to provide maximum safety for all users of the public highways, and to deny the privilege of driving to those who demonstrate indifference to the safety of others. It further is "To discourage repetition of criminal acts by individuals . . . and to impose increased and added deprivation of the privilege to operate motor vehicles upon habitual offenders who have been convicted repeatedly of violations of the traffic laws." Section 201.

Section 206, "Driving after judgment prohibited," at issue here, states:

"(1) It is unlawful for any person to operate any motor vehicle in this state while the revocation of the department prohibiting the operation remains in effect. Any person found to be an habitual offender, who is thereafter convicted of operating a motor vehicle in this state while the revocation of the department prohibiting such operation is in effect, is guilty of a class 5 felony. No portion of such sentence may be suspended, and no probation may be granted; except that, in a case where the defendant establishes that he had to drive the motor vehicle in violation of this subsection (1) because of an emergency, the mandatory prison sentence may not apply.

"(2) For the purpose of enforcing this section in any case in which the accused is charged with driving a motor vehicle while his license, permit, or privilege to drive is revoked or is charged with driving without a license, the court, before hearing such charges, shall require the district attorney to determine whether such person has been determined to be an habitual offender and by reason of such determination is barred from operating a motor vehicle on the highways of this state. If the district attorney determines that the accused has been so held, he shall cause the appropriate criminal charges to be lodged against the accused."

The statute requires that a person found to be driving while his license is revoked must be subject to a determination as to whether he is an habitual offender as defined by section 42-2-202. If he is found to be an habitual offender and is thereafter convicted of driving a motor vehicle in Colorado while prohibited from doing so, he is guilty of a class 5 felony. Except where the defendant acted in an emergency, section 42-2-206 requires that the sentence be mandatory, may not be suspended, and that the defendant may not be placed on probation.

The other statute at issue here, section 16-7-403, was enacted two years after section 42-2-206, in 1975, and states:

"(1) In any case in which the defendant has entered a plea of guilty, the court accepting the plea has the power, with the written consent of the defendant and his attorney of record and the district attorney, to continue the case for a period not to exceed two years from the date of entry of such plea for the purpose of entering judgment and sentence upon such plea of guilty. During such time, the court may place the defendant under the supervision of the probation department.

"(2) Prior to entry of a plea of guilty to be followed by deferred judgment and sentence, the district attorney, in the course of plea discussion as provided in sections 16-7-301 and 16-7-302, is authorized to enter into a written stipulation, to be signed by the defendant, his attorney of record, and the district attorney, under which the defendant obligates himself to adhere to such stipulation. The conditions imposed in the stipulation shall be similar in all respects to conditions permitted as part of probation. Upon full compliance with such conditions by the defendant, the plea of guilty previously entered shall be withdrawn and the action against the defendant dismissed with prejudice. Such stipulation shall specifically provide that, upon a breach by the defendant of any condition regulating the conduct of the defendant, the court shall enter judgment and impose sentence upon such guilty plea. Whether a breach of condition has occurred shall be determined by the court without a jury upon application of the district attorney and upon notice of hearing thereon of not less than five days to the defendant or his attorney of record. The burden of proof at such hearing shall be by a preponderance of the evidence, and the procedural safeguards required in a revocation of probation hearing shall apply.

"(3) When a defendant signs a stipulation by which it is provided that judgment and sentence shall be deferred for a time certain, he thereby waives all rights to a speedy trial, as provided in section 18-1-405, C.R.S. 1973."

A conflict appears to exist between these statutes in that the first statute mandates a prison sentence for this class 5 felony and the later statute allows a negotiated deferred sentence which might never involve imprisonment.

## I.

The respondents suggest that this apparent conflict should be resolved by applying the two rules of statutory construction relied upon in *People v. Burke,* 185 Colo. 19, 521 P.2d 783 (1974). That case also concerned conflict between two statutes regarding sentencing. The defendant there was convicted of driving while his license was suspended. 1967 Perm. Supp., C.R.S. 1963, 13-4-30(1)(a). The penalty set by statute was a mandatory five-day sentence. The county court, however, believed that the mandatory sentence requirement had been implicitly repealed by the more recently enacted probation statute which declared a person eligible to apply for probation unless he had been convicted of a class 1 felony or a

class 2 petty offense. The court suspended the sentence and placed the defendant on probation for six months. We there disagreed with the ruling of the lower court that the later statute repealed *sub silentio* the earlier statute. The earlier statute dealt with a specific subject and did so in specific terms. The later statute was of general application and silent as to any expression of intent to repeal then existing statutes. We concluded that the driving under suspension sentencing requirement had been purposefully retained by the General Assembly as an exception to the general probation statute.

█ In the instant case the situation is similar. The earlier statute is concerned only with habitual offenders of motor vehicle operation laws. More specifically, the statute determines their punishment if they drive, in a nonemergency situation, after being prohibited from doing so. In contrast, the later statute describes the availability and the mechanics of the deferred sentencing process. It is a statute of general application, just as was the probation statute involved in *Burke, supra*. Furthermore, as in *Burke,* the later statute makes no mention of an intent to repeal existing statutes requiring mandatory sentences for their violations. Even though the general expression postdates the specific one, absent a manifest legislative intent that the later provision prevail, the earlier, specialized expression remains effective. *Shoenberg Farms, Inc. v. People, ex rel. Swisher,* 166 Colo. 199, 444 P.2d 277 (1968). *Cf.* section 2-4-205, C.R.S. 1973 (special statutory provisions prevail over general ones where statutes are in irreconcilable conflict).

█ This rule of statutory interpretation makes clear that the trial court is correct in concluding that the sentence requirement in section 206 remains mandatory and is not subject to plea bargaining to obtain a deferred sentence as generally allowed by section 16-7-403.

## II.

Petitioner argues that the two statutes are not irreconcilable. He argues that prior to sentencing there is no *conviction* following a plea of guilty which is made as a part of a deferred sentence plea bargain. This, he suggests, is because no final judgment has been rendered by a plea of guilty and "convicted," as the term is used in section 42-2-206, relates only to a final judgment. Therefore, he says, under section 206 a deferred sentence may be interposed between a plea of guilty and a "conviction."

We disagree with defendant's definition of "conviction," and therefore we cannot agree that the mandatory sentence of section 206 can be circumvented.

It is true that the term "conviction" has different meanings in different statutory contexts. *People v. Jacquez,* 196 Colo. 569, 588 P.2d 871 (1979). To arrive at the meaning appropriate here, we look to the overall purpose of the statute using the term so as to ascertain the meaning intended by the General Assembly. *Jacquez, supra.*

In enacting section 42-2-201, *et seq.*, the General Assembly was concerned with identifying and punishing habitual offenders of traffic laws. To give effect to that expressed concern, the definition of the term "conviction" must include a plea of guilty. To define the term otherwise would frustrate the legislative intent to mandate a punishment for habitual offenders who, absent an emergency, continue to drive while their license is revoked. Adopting petitioner's suggested meaning, would allow habitual offenders to escape the mandatory sentence by obtaining court approval of a stipulation to plead guilty and have a deferred sentence. It was the intent of the General Assembly as expressed in section 42-2-206 that, except for an emergency, a violation of that statute, requires a mandatory sentence. This being so, section 42-2-206 is excluded from the application of section 16-7-403.

Having considered petitioner's other arguments and finding them without merit, we discharge the rule.