The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Isiah HAMPTON, Defendant,

And Concerning Surety Insurance Company of California, and Albert C. Smith, Sr., Appellants.

No. 82CA0148.

Colorado Court of Appeals, Div. II.

March 24, 1983.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sp. Asst. Atty. Gen., Marie Volk Bahr, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Frank, Finger & Platt, P.C., William S. Finger, Evergreen, for appellants.

PIERCE, Judge.

Surety Insurance of California and Albert C. Smith, Sr., (the surety) appeal a judgment entered against the surety subsequent to forfeiture of a recognizance bond and denial of surety's motion to exonerate the bond. We reverse and remand.

Isiah Hampton was arrested and charged with narcotic offenses in November 1976. He was released after Robert Thompson (Thompson) and Robert Tinsley (Tinsley), agents of the surety, executed separate recognizance bonds totalling $10,000. These bonds required that Hampton appear for arraignment and "from day to day and term to term thereafter, and not depart the court without leave."

Thompson and Tinsley each were acting under the authorization of a separate power of attorney which limited the surety's liability to a sum not to exceed $5,000 for each of them.

On September 8, 1977, Thompson executed a written agreement expressly consenting to remain as surety until entry of final judgment in the action.

Hampton was found guilty after trial to a jury on September 9, 1977, and the case was bound over to November 7 for hearings on motions and sentencing. On November 7, Hampton did not appear. The court thereafter ordered forfeiture of the total $10,000 bond, and notice was sent to the surety.

On January 9, 1978, Tinsley appeared before the court, asked for a 30 day continuance and stated:

"At the end of 30, I will confess the judgment in the amount of the bond to make arrangements with the Surety Company that payments will be ready to be paid into the registry of the court."

After the 30 days passed with no appearance by Hampton or either bondsman, the court entered judgment against the surety for $10,000.

Thompson paid $5,000 and the surety filed a motion to exonerate the balance of the bond claiming that its obligation had been completely satisfied.

Statutes relating to bail constitute a part of a surety's contract. *People v. Craig,* 41 Colo.App. 383, 585 P.2d 1257 (1978). The statute applicable to the dispute here is § 16–4–201, C.R.S.1973 (1978 Repl.Vol. 8), which states in pertinent part:

"After conviction, either before or after sentencing, the defendant may orally, or in writing, move for release on bail pending determination of a motion for new trial ... and ... the trial court, in its discretion, may continue the bond given for pretrial release .... *No bond shall be continued in effect following conviction unless the written consents of the sureties, if any, are filed of record.*" (emphasis supplied)

While the terms of the original pretrial bond may also cover the post-trial period, *People v. Walker,* (Colo.App.1983, Announced March 17, 1983, No. 82CA0197); *O'Neil v. People,* 198 Colo. 9, 595 P.2d 235 (1979), without such a provision, the above-quoted statute is controlling as to post-trial continuances of a bond.

Here, the language and terms of the original bond executed by Thompson and Tinsley do not provide the court with the requisite written consent to continue liability beyond conviction. And, under the express terms of the statute, Tinsley's oral statements to the court, after the defendant failed to appear, do not bind him or the surety; therefore, only the written consent of Thompson as to his $5,000 portion of the bond was binding upon the surety. *People v. Craig, supra; see also People v. Bartsch,* 37 Colo.App. 52, 543 P.2d 1273 (1975). Thus, the payment by Thompson satisfied the obligation.

The judgment is reversed and the cause is remanded to the district court to exonerate the remaining $5,000 portion of the bond.

SMITH and TURSI, JJ., concur.