The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

Anthony **GARCIA,** Defendant-Appellant.

No. 84CA1114.

Colorado Court of Appeals, Div. I.

April 17, 1986.

Rehearing Denied May 15, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David R. Little, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Public Defender, Martin J. Gerra, III, Deputy Public Defender, Denver, for defendant-appellant.

ENOCH, Chief Judge.

Defendant, Anthony Garcia, appeals a judgment of conviction entered upon a jury verdict finding him guilty of the class 3 felony of escape under § 18–8–208(2), C.R.S. (1985 Cum.Supp.). We affirm.

The prosecution's evidence showed that on June 8, 1983, the district court of Las Animas county accepted defendant's plea of guilty to first degree criminal trespass, a class 5 felony. Thereafter, while incarcerated awaiting sentencing on the criminal trespass charge, defendant and another man escaped from the county jail.

Defendant contends the prosecution failed to prove that he had been convicted of a felony prior to his escape. We disagree.

Section 18–8–208(2), C.R.S. (1985 Cum. Supp.) provides that: "A person commits a class 3 felony if, while being in custody or confinement following conviction of a felony other than a class 1 or 2 felony, he knowingly escapes from said custody or confinement."

Section 18–8–208(3), C.R.S. (1978 Repl. Vol. 8) provides that: "A person commits a class 4 felony if, while being in custody or confinement and held for or charged with but not convicted of a felony, he knowingly escapes from said custody or confinement."

Defendant argues that he was not "convicted" of a felony until the trial court sentenced him and signed the order of judgment and conviction. Thus, it is defendant's position that he did not commit the class 3 felony of escape since his escape occurred prior to his sentencing.

In *People v. Jacquez*, 196 Colo. 569, 588 P.2d 871 (1979), the Colorado Supreme Court agreed with this reasoning for purposes of determining the date a conviction occurred in a habitual criminal prosecution. However, the court in *Jacquez* noted this construction of the word "conviction" in the habitual criminal statute was based upon its interpretation of the General Assembly's intent. The court noted that the term has different meanings in different statutes, and thus, the legislative intent behind the use of the word must be examined in each particular case. *People v. Jacquez, supra.*

One indication of the legislative intent concerning the meaning of the word conviction as used here is found in § 16–7–206(3), C.R.S. (1978 Repl.Vol. 8), which provides that the acceptance of a guilty plea by the court acts as a conviction of the offense. In addition, the legislative history of § 18–8–208(2), C.R.S. (1985 Cum.Supp.) clearly demonstrates that the General Assembly intended a guilty plea to act as a conviction for purposes of this section of the escape statute.

Prior to amendment in 1981, this statute read: "A person commits a class 3 felony if, while being in custody or confinement *under a sentence* following conviction of a felony other than a class 1 or class 2 felony, he knowingly escapes from said custody or confinement." Section 18–8–208(2), C.R.S. (emphasis added).

The 1981 amendment bringing the statute to its present form removed from the definition of class 3 felony escape the requirement that a defendant be confined "under a sentence." At the legislative hearing on the proposed 1981 amendment, the reason given for the change was that it would insure that a defendant who escapes between the time of his guilty plea and sentencing is punished for a class 3 felony. *Hearing on S.B. 156 before the Colorado Senate Judiciary Committee*, 53rd General Assembly, First Session, January 7, 1984.

Thus, the legislative intent is clear that the word conviction used in § 18–8–208(2), C.R.S. (1985 Cum.Supp.), encompasses the situation in which a defendant pleads guilty to a felony but escapes before sentencing.

That being the situation here, all elements of the class 3 felony were supported by evidence in the record.

Judgment affirmed.

VAN CISE and HODGES *, Justice, concur.