25 F.3d 1056
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dennis Carl GERMANY, Petitioner-Appellant,
v.
Aristedes W. ZAVARAS; Gale Norton, Attorney General of the
State of Colorado, Respondents-Appellees.
 No. 94-1042.
 United States Court of Appeals, Tenth Circuit.
 May 6, 1994.
 
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Dennis Carl Germany appeals the dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. He contends that his adjudication as an habitual criminal under Colo.Rev.Stat. Sec. 16-13-101 was unconstitutional because jury instructions given in his sentencing proceeding referred to the dates he pled guilty to prior felonies, instead of the dates judgments of conviction were entered. We affirm.
 
 
 3
 The version of section 16-13-101 applicable to this case provides in part that: "Every person convicted in this state of any felony, who has been three times previously convicted, ... shall be adjudged an habitual criminal and shall be punished by imprisonment in a correctional facility for the term of his or her natural life." Colo.Rev.Stat. Sec. 16-13-101(2) (emphasis added). The procedural requirements at issue are set out in Colo.Rev.Stat. Sec. 16-13-103, as follows:
 
 
 4
 16-13-103. Verdict of jury.
 
 
 5
 ....
 
 
 6
 (2) An information or indictment seeking the increased penalties authorized by section 16-13-101 shall identify by separate counts each alleged former conviction and shall allege that the defendant on a date and at a place specified was convicted of a specific felony....
 
 
 7
 ....
 
 
 8
 (4) ... the jury impaneled to try the substantive offense charged shall determine by separate hearing and verdict whether the defendant has been convicted as alleged....
 
 
 9
 ....
 
 
 10
 (b) ... The prosecuting attorney has the burden of proving beyond a reasonable doubt that the defendant has been previously convicted as alleged.
 
 
 11
 The habitual criminal counts charged against Mr. Germany listed his prior felonies, the dates he pled guilty, and the dates he was sentenced. The jury instructions and verdict forms referred to the charges, but only listed the dates that guilty pleas were entered. Mr. Germany attached a copy of the charge, instructions, and verdict forms to his petition in this case. We attach them to this order and judgment and incorporate them by reference. [Editor's Note: Attachments not reproduceable]
 
 
 12
 On July 15, 1993, the Colorado Court of Appeals upheld Mr. Germany's sentence stating:
 
 
 13
 For the purposes of the habitual offender statute, the date of the conviction is the date upon which the judgment is entered and the mittimus issued. People v. Jacquez, 196 Colo. 569, 588 P.2d 871 (1979).
 
 
 14
 Here, because the instructions referred only to the dates of the entries of the pleas, rather than the dates the mittimuses were entered, the jury was referred to inaccurate dates. Thus, the trial court did err in finding that the jury instructions had been appropriate.
 
 
 15
 However, the trial transcript makes clear that the mittimuses, both original and amended where applicable, were included in the exhibits introduced to the jury. Defendant presented no evidence disputing the dates of his convictions or otherwise casting doubt upon the veracity of these exhibits. Thus, there is no possibility that the jury was misled by the inaccurate references in the instructions or that the error in the instructions contributed unfairly to defendant's conviction. Accordingly, the trial court did not err in denying defendant's motion.
 
 
 16
 R.Vol.I, Order of the Colo.Ct. of Appeals, July 15, 1993, at 3.
 
 
 17
 Mr. Germany does not deny that he is the person who actually committed the three prior offenses, pled guilty, and was convicted on the charges presented to the jury. However, he contends that it is constitutionally impossible to remedy the failure of the jury instructions to include the dates judgments were entered and mittimuses issued. In his brief on appeal he summarizes his position in the following passage:
 
 
 18
 These authorities leave no doubt that an entry of judgment and the specific date it occures [sic] are essential facts necessary to contitute [sic] the element of conviction to a charge of habitual criminal, and therefore, in adherence to law of the State of Colorado and the 6th and 14th Amendments to the United States Constitution, the trial jurors would [h]ave to had been enabled, upon thier [sic] own consciences, to say that evidence before them was sufficient to show beyond a reasonable doubt the existance [sic] of three previous judgments having been entered in the trial court against the defendant (appellant), and the specific dates they occured [sic]. In re Winship, supra; and this they could not and did not say/find because the instructions did not ask them to do so.
 
 
 19
 If the Sixth Amendment Right to have a jury decide guilt or innocence means anything, it [means] the facts essential to conviction must be presented to the jurors and proven beyond thier [sic] reasonable doubt--[not] could have been, or [would] have been if the instructions had of [sic] been properly worded. A jury verdict, if based on instructions that allow it to convict without properly finding all the facts supporting each element is error, which cannot be corrected nor ignored, or rendered harmless merely because upon review it can be showed that the outcome would (or would not) have been different for such error can never be considered for, or treated as, harmless. See United States v. Voss, 787 F.2d 313 (8th Cir.1986); Sandstrom v. Montana, 99 S.Ct. 2450 (1979); Chapman v. California supra; In re Winship, supra.
 
 
 20
 Br. of Appellant at 8-9 (7c) (footnote omitted).
 
 
 21
 The Supreme Court recently reemphasized the limits of federal habeas review in habeas proceedings generally, and specifically with respect to challenges to jury instructions given in state courts:
 
 
 22
 We have stated many times that "federal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990); see also Pulley v. Harris, 465 U.S. 37, 41 (1984). Today, we reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. Sec. 2241; Rose v. Hodges, 423 U.S. 19, 21 (1975) (per curiam).
 
 
 23
 Estelle v. McGuire, 112 S.Ct. 475, 480 (1991) (footnote omitted).
 
 
 24
 Estelle articulates the following standard of review:
 
 
 25
 It is well established that the instruction "may not be judged in artificial isolation," but must be considered in the context of the instructions as a whole and the trial record. Cupp v. Naughten, [414 U.S. 141, 147 (1973) ]. In addition, in reviewing an ambiguous instruction such as the one at issue here, we inquire "whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way" that violates the Constitution. Boyde v. California, 494 U.S. 370, 380 (1990). And we also bear in mind our previous admonition that we "have defined the category of infractions that violate 'fundamental fairness' very narrowly." Dowling v. United States, 493 U.S. 342, 352 (1990). "Beyond the specific guarantees enumerated in the Bill of Rights, the Due Process Clause has limited operation." Ibid.
 
 
 26
 Estelle v. McGuire, 112 S.Ct. at 482 (footnote omitted).
 
 
 27
 Applying these principles we conclude that Mr. Germany's adjudication as an habitual offender was not unconstitutional. The jurors were not instructed solely on the dates Mr. Germany entered guilty pleas. They were primarily directed to his convictions specified in the charge (e.g., "the issue you must now decide is whether the defendant has any prior convictions as alleged in Counts Two, Three and Four, and whether the defendant is the same person who was convicted of each of the offenses as alleged."). The charge listed case numbers, courts, and separate dates for pleas and sentencing. As part of its burden of proving beyond a reasonable doubt that Mr. Germany had previously been convicted as alleged, the government introduced the relevant mittimuses as evidence.[1] The mittimuses, of course, are an entry in the offense files encompassing the case number, charge, plea, and sentence of the named defendant--here, Mr. Germany.
 
 
 28
 Taking the charge, instructions, and evidence as a whole, there is no reasonable likelihood that the jurors applied the instructions in a way that violated the Constitution in reaching a decision that Mr. Germany had been convicted of three prior felonies.
 
 
 29
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 This finding by the Colorado Court of Appeals is binding on us. See Case v. Mondragon, 887 F.2d 1388, 1392-93 (10th Cir.1989)