The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Nelson HERNANDEZ, Defendant,

and

Concerning Douglas Britten, Surety, Appellant.

No. 93CA2169.

Colorado Court of Appeals, Div. 5.

Feb. 9, 1995.

Rehearing Denied March 9, 1995.

Certiorari Denied Aug. 28, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timo-

---

**3.** As such, this action was appropriately circum-   spect pursuant to the emergency doctrine.

thy M. Tymkovich, Sol. Gen., and Susan J. Schneider, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Worrell, Griffith, Durrett & Jaynes, P.C., Kenneth H. Jaynes, Glenwood Springs, for appellant.

Opinion by Chief Judge STERNBERG.

Douglas Britten, surety, appeals from the trial court order forfeiting his bond for defendant, Nelson Hernandez, following defendant's failure to appear. Because we conclude the surety was exonerated from the bond, we reverse and remand with directions.

In August 1993, the surety posted bond for the defendant. On September 20, 1993, defendant appeared with counsel and tendered a document entitled Petition to Enter Plea of Guilty, detailing the elements of the crime, admitting his guilt, and acknowledging that he had been advised of his rights. It was signed by the defendant and his counsel. Also tendered to the court was a document entitled Deferred Judgment and Sentence Stipulation which was signed by defendant, his attorney, and the prosecutor.

The colloquy between the trial court and defendant was quite short and was conducted through an interpreter. The court asked the defendant why he was entering a guilty plea, and defendant responded that he was guilty. The court did not state on the record that it had "accepted" the defendant's plea of guilty. However, the court minutes of September 20, 1993 state:

G Plea Entered DJ & S

PETITION TO ENTER PLEA OF GUILTY

DEFERRED JUDGMENT AND SENTENCE STIPULATION

ORDER FOR DEFERRED SENTENCE AND MITTIMUS

Following tender of the signed documents, the court ordered the defendant to report to the probation department for a presentence investigation, and it then set the next court date.

On the next court date, the defendant did not appear and the court issued a citation on bond forfeiture. The trial court rejected the surety's contention that he had been exonerated and ordered the bond forfeited. This appeal followed.

The surety contends that he should have been exonerated on the bond. We agree.

Section 16–4–201(1), C.R.S. (1994 Cum. Supp.) provides in pertinent part:

No bond shall be continued in effect following a plea of guilty or of nolo contendere or following conviction unless the written consents of the sureties, if any, are filed of record.

■ Thus, under the statute, a surety is entitled to exoneration if the defendant pleads guilty and, thereafter, the surety does not give written consent to the continuation of the original bond.

■ Here, it is undisputed that the surety did not consent in writing to the continuation of the bond. The key issue is whether defendant's tender of the signed petition and stipulation on September 20, 1993, constituted a "plea of guilty" within the meaning of the bond statute. We hold that it did.

First, the minute order reflects that a "G Plea," i.e., a guilty plea, was entered "DJ & S" which is consistent with the tender of defendant's petition and stipulation for deferred judgment and sentence. Secondly, the documents contain all of the information required for a guilty plea under § 16–7–206(1)(a), C.R.S. (1986 Repl.Vol. 8A). Further, when the defendant was ordered to report to probation to initiate the sentencing procedure, we conclude that the risk assumed by the surety had materially increased. Cf. Rodriquez v. People, 191 Colo. 540, 554 P.2d 291 (1976).

Thus, under these circumstances, the absence of a formal statement by the court "accepting" the guilty plea is not dispositive.

In so holding, we reject the People's argument that Rodriquez v. People, supra, requires that the court formally accept the defendant's plea and that a conviction occur. See also People v. Bartsch, 37 Colo.App. 52, 543 P.2d 1273 (1975) (trial court "accepted" the defendant's plea of guilty to lesser included offense when plea was "entered" and "received"; thus, defendant was convicted and

surety's consent was required); § 16–7–206(3), C.R.S. (1986 Repl.Vol. 8A) (the acceptance of a plea of guilty acts as a conviction for the offense).

However, both *Rodriquez* and *Bartsch* construed older versions of the statute which required the surety's consent "after conviction, either before or after sentencing."

In 1985, the statute was amended to require the surety's consent also "following a plea of guilty or of nolo contendere." Under the amended § 16–4–201, which applies here, a conviction is not required to exonerate the surety. A plea of guilty will suffice, and we conclude that occurred here.

The People argue, nevertheless, that the contractual language of the surety's bond supports the action of the trial court in not exonerating the surety. We do not agree.

The bond posted in this case binds the surety until the defendant "answers" the charges against him. We hold that the entry of the plea in this case constituted an answer to the charges, thus satisfying the terms of the bond. To hold otherwise would be to overlook the fact that by that plea, the nature of the case changed from an inquiry into whether defendant was guilty to a determination of the appropriate sentence. This constituted a material increase in the surety's risk without his consent.

The judgment is reversed, and the cause is remanded with directions to vacate the judgment and to discharge the surety from the bond.

DAVIDSON and KAPELKE, JJ., concur.