The PEOPLE of the State of
Colorado, Complainant,

v.

William Joseph BARNTHOUSE,
Attorney–Respondent.

No. 96SA242.

Supreme Court of Colorado,
En Banc.

July 14, 1997.

Linda Donnelly, Disciplinary Counsel, James S. Sudler, Assistant Disciplinary Counsel, Denver, for Complainant.

Craig L. Truman, Denver, for Attorney–Respondent.

PER CURIAM.

A hearing panel of the supreme court grievance committee approved the findings and recommendation of a hearing board that the respondent in this disciplinary proceeding be publicly censured. We accept the panel's recommendation.

I.

The respondent was licensed to practice law in Colorado in 1976. Based on the evidence presented, the hearing board concluded that the following findings were supported by clear and convincing evidence.

On January 29, 1992, two employees of the May D & F loss prevention division observed the respondent at a May D & F store handling several shirts on display. They then saw the respondent place the shirts inside his clothing. It was disputed at the hearing whether the respondent brought the shirts into the store with the purpose of returning them, or stole the shirts from the display. After considering the conflicting testimony of the complainant's and the respondent's witnesses, the hearing board concluded that it

had not been proven by clear and convincing evidence that the respondent stole the shirts, as charged by the complaint.

In any event, the respondent left the store with the shirts, but when he was a few feet outside the doors, he turned and reentered the store. Once inside the store, the respondent was approached by the two employees who had originally watched him place the shirts inside his clothing, together with a third employee who had been called to assist them. One of the employees asked the respondent to accompany them to the security office, but the respondent, who suffers from hearing loss, did not understand the request. Some shouting occurred and the respondent resisted as one of the employees tried to handcuff him. He was thrown to the ground, where he continued to struggle with the three employees who were attempting to restrain him. Two shirts were removed from the respondent's clothing. At this point, a local police chief approached and identified himself to the respondent who then relaxed and allowed himself to be escorted peacefully to the security office. At the office the respondent claimed that the shirts in his possession had been previously purchased and that he entered the store intending to return them.

The parties were joined by an Arapahoe County Deputy Sheriff who had been called by the store to take the respondent into custody. The deputy sheriff recovered a third shirt from the respondent's jacket. The respondent was taken to the Arapahoe County jail where he posted bond. He was initially charged with one count of theft under section 18–4–401(2)(b), 8B C.R.S. (1991 Supp.) (theft of thing of value greater than or equal to $50 and less than $300), a class II misdemeanor, and one count of disorderly conduct in violation of section 18–9–106(1), 8B C.R.S. (1986). On May 20, 1992, the respondent pleaded guilty to the disorderly conduct charge, § 18–9–106(1)(d), 8B C.R.S. (1986), a class III misdemeanor,[1] and the

theft charge was dismissed. He was assessed costs of $98.00, and judgment and sentence were deferred for a period of two years. The respondent successfully completed the conditions of the deferred judgment, including forty-eight hours of community service, and the matter was dismissed on May 23, 1994.

The hearing board concluded that the respondent's conduct related to the disorderly conduct charge violated DR 1–102(A)(6) (engaging in conduct that adversely reflects on the lawyer's fitness to practice law); and C.R.C.P. 241.6(5) (violating the criminal laws of a state or of the United States). The board recommended dismissal of the charge that the respondent violated C.R.C.P. 241.6(3) (misconduct involving any act or omission violating the highest standards of honesty, justice or morality), and C.R.C.P. 241.6(5) with respect to the theft charge because it was not proven by clear and convincing evidence.[2] The complainant has not excepted to the board's actions.

## II.

The hearing board also found that respondent did not report the deferred judgment to the Office of Disciplinary Counsel, as required by C.R.C.P. 241.16(b). The respondent argued that he was not required to report a deferred judgment under the then applicable rule. At the time the respondent entered his guilty plea in May 1992, C.R.C.P. 241.16(b) provided in relevant part:

**(b) Duty to Report Conviction.** Every lawyer subject to these Rules, upon being convicted of a crime, except those misdemeanor traffic offenses or traffic ordinance violations, not including the use of alcohol or drugs, shall notify the Disciplinary Counsel in writing of such conviction within ten days after the date of the conviction.

■ C.R.C.P. 241.16(h) was added to C.R.C.P. 241.16 on September 17, 1992, effective January 1, 1993, and provides:

---

1. Although the hearing board states that the disorderly conduct charge was a class 1 petty offense, the record establishes that the respondent in fact pleaded guilty to section 18–9–106(1)(d), 8B C.R.S. (1986) (fighting in a public place), a class III misdemeanor.

2. The respondent did except to various findings of the board.

**(h) Conviction Defined.** The term conviction as used in these rules shall include any ultimate finding of fact in a criminal proceeding that an individual is guilty of a crime, whether the judgment rests on a verdict of guilty, a plea of guilty, or a plea of nolo contendere, and *irrespective of whether entry of judgment or imposition of sentence is suspended or deferred by the court.*

(Emphasis added.) The respondent asserts that as of the date of his guilty plea to disorderly conduct, there was no duty to report since there was no "conviction." The respondent takes the position, therefore, that the addition of part (h) to C.R.C.P. 241.16 worked a change in the duty of a lawyer to report criminal proceedings involving that lawyer. The complainant answers that the addition of part (h) was merely a clarification of the existing duties of a lawyer to report a conviction. We agree with the complainant.

For many purposes, a conviction occurs upon acceptance of a guilty plea:

**16–7–206. Guilty pleas—procedure and effect.** (1) Every person charged with an offense shall be permitted to tender a plea of guilty to that offense if the following conditions have been satisfied....

. . . .

(3) The acceptance by the court of a plea of guilty acts as a waiver by the defendant of the right to trial by jury on all issues including the determination of the penalty to be assessed, *and the acceptance of such plea also acts as a conviction for the offense.*

§ 16–7–206(3), 8A C.R.S. (1986) (emphasis added). In *Hafelfinger v. District Court,* 674 P.2d 375, 376 (Colo.1984), we concluded that a defendant who had entered a guilty plea subject to a deferred judgment had suffered a conviction for purposes of eligibility for a personal recognizance bond. The relevant statute provided in pertinent part:

**16–4–105. Selection by judge of the amount of bail and type of bond—criteria.** (1) In determining the amount of bail and the type of bond to be furnished by the defendant, the judge fixing the same shall consider and be governed by the following criteria:

. . . .

(n) Unless the district attorney consents, no person shall be released on personal recognizance if he has a record of conviction of a class 1 misdemeanor within two years, or a felony within five years, prior to the release hearing....

§ 16–4–105(1), 8A C.R.S. (1986). We analyzed the issue as follows:

The determination of whether a guilty plea to a felony accompanied by the granting of a deferred sentence comes within the purview of this statute, and thus may be considered by the trial court judge in making the bond decision, is dependent upon the meaning of the word "conviction." The term "conviction" may be interpreted differently depending upon the statute in which it is used and the issue in a particular case. *See, e.g., Jeffrey v. District Court,* 626 P.2d 631 (Colo.1981) (a plea of guilty followed by a deferred sentence and judgment is a conviction for purposes of implicating the double jeopardy clause); *People v. Jacquez,* 196 Colo. 569, 588 P.2d 871 (1979) (see exhaustive recitation of cases cited in n.2).

In the context of the bail bond statute, a plea of guilty, when accepted by the court which grants a deferred judgment and sentence, constitutes a conviction.

674 P.2d at 376; *see also People v. Allaire,* 843 P.2d 38, 41 (Colo.App.1992) (the "previously convicted" element of statute prohibiting possession of weapon by previous offender is satisfied by proof of guilty plea and deferred judgment).

■ The purpose of lawyer discipline proceedings is the protection of the public and the requirement that a lawyer report his or her criminal conviction is in furtherance of that purpose. A guilty plea followed by a deferred judgment was therefore a conviction for reporting requirements under C.R.C.P. 241.16(b) prior to the enactment of C.R.C.P. 241.16(h). The hearing board correctly determined that the respondent's failure to re-

port his guilty plea and deferred judgment violated C.R.C.P. 241.16(b).[3]

### III.

 The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*), provide that, in the absence of aggravating or mitigating factors, a private censure is warranted when "a lawyer engages in an isolated instance of negligence in complying with a court order or rule, and causes little or no actual or potential injury to a party, or causes little or no actual or potential interference with a legal proceeding." *Id.* at 6.24. Moreover, a private censure is "generally appropriate when a lawyer engages in any other conduct that reflects adversely on the lawyer's fitness to practice law." *Id.* at 5.14.

The aggravating factors present in this case make private discipline inappropriate, however. The respondent has a history of discipline. *See* ABA *Standards* 9.22(a) (previous discipline is an aggravating factor). He was suspended for one year and one day from the practice of law in 1989 for his conduct in representing himself in a dissolution proceeding, including his personal attacks on other lawyers in the proceeding, violation of court orders, and dilatory conduct for the sole purpose of delay. *See People v. Barnthouse,* 775 P.2d 545 (Colo. 1989). We note that the conduct for which the respondent is being disciplined in this case occurred at about the same time as the respondent was undergoing reinstatement proceedings from his previous suspension. Additional aggravating factors include the existence of multiple offenses, *see ABA Standards* 9.22(d); and the respondent's substantial experience in the practice of law, *see id.* at 9.22(i). In mitigation, the board considered the deferred judgment as imposition of other penalties or sanctions. *See id.* at 9.32(k).

---

3. The respondent also suggests that because disorderly conduct was a class 1 petty offense, it was not a crime that was required to be reported under C.R.C.P. 241.16(b). In the first place, we have concluded that the record affirmatively demonstrates that the respondent pleaded guilty

Given the aggravating factors, especially the respondent's prior discipline, we conclude that a public censure is warranted. Accordingly, we accept the hearing panel's recommendation.

### IV.

The respondent, William Joseph Barnthouse, is hereby publicly censured. It is further ordered that the respondent pay the costs of this proceeding in the amount of $1,599.63 within 30 days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.

BENDER, J., does not participate.

---

to a class III misdemeanor, not a petty offense. However, even if the respondent had pleaded guilty to a class 1 petty offense, C.R.C.P. 241.16(b) still required that it be reported because there is no general exception for petty offenses.