674 P.2d 375 (1984)
Robert HAFELFINGER, Petitioner,
v.
The DISTRICT COURT In and For the EIGHTH JUDICIAL DISTRICT of the State of Colorado and the Honorable John A. Price, One of the Judges Thereof, Respondents.
No. 83SA382.
Supreme Court of Colorado, En Banc.
January 9, 1984.
David F. Vela, State Public Defender, Steven R. Gayle, Deputy State Public Defender, Fort Collins, for petitioner.
Stuart A. VanMeveren, Dist. Atty., Loren B. Schall, Asst. Dist. Atty., Fort Collins, for respondents.
NEIGHBORS, Justice.
In this original proceeding filed pursuant to C.A.R. 21, the petitioner, Robert Hafelfinger, seeks relief in the nature of mandamus and prohibition requiring Judge John A. Price and the District Court for Larimer County (respondent) to consider granting him a personal recognizance bond pursuant to section 16-4-105, C.R.S.1973 (1978 Repl. Vol. 8 & 1982 Supp.). The respondent ruled that the petitioner was ineligible for a personal recognizance bond because he had a record of a felony conviction within the past five years and the district attorney did not consent to such a bond. We issued a rule to show cause which we now discharge.

I.
According to the record, on October 21, 1981, the petitioner entered a plea of guilty to a felony charge of dispensing a dangerous drug. Pursuant to a plea agreement, the District Court for the Eighth Judicial *376 District accepted the petitioner's guilty plea and granted him a deferred judgment and sentence for two years pursuant to section 16-7-403, C.R.S.1973 (1978 Repl.Vol. 8).
In July 1983, the petitioner was charged with distributing a counterfeit controlled substance[1] and theft by deception[2] in connection with an incident which allegedly occurred on April 21, 1983. Bail was set in the amount of $2,500. The petitioner was unable to post bail. Therefore, he filed a motion for bond reduction or for a personal recognizance bond. The respondent held a hearing on the petitioner's motion on August 4, 1983. The district attorney objected to granting a personal recognizance bond. The respondent denied the petitioner's motion because of "the refusal of the district attorney to consent to an alteration of the bond, based upon the fact that there was a prior conviction [of a felony] within five years." The "prior conviction" to which the district judge referred was the petitioner's 1981 plea of guilty and the resulting deferred sentence.

II.
The petitioner's only argument in this original proceeding is that the respondent erred in refusing to grant a personal recognizance bond based on his prior guilty plea. He claims that a plea of guilty which results in a deferred sentence is not a conviction within the meaning of section 16-4-105(1)(n), C.R.S.1973 (1978 Repl.Vol. 8 & 1982 Supp.). We disagree.
Section 16-4-105 states in pertinent part:
"Selection by judge of the amount of bail and type of bondcriteria. (1) In determining the amount of bail and the type of bond to be furnished by the defendant, the judge fixing the same shall consider and be governed by the following criteria:
. . . .
"(n) Unless the district attorney consents, no person shall be released on personal recognizance if he has a record of conviction of a class 1 misdemeanor within two years, or a felony within five years, prior to the release hearing."
The determination of whether a guilty plea to a felony accompanied by the granting of a deferred sentence comes within the purview of this statute, and thus may be considered by the trial court judge in making the bond decision, is dependent upon the meaning of the word "conviction." The term "conviction" may be interpreted differently depending upon the statute in which it is used and the issue in a particular case. See, e.g., Jeffrey v. District Court, 626 P.2d 631 (Colo.1981) (a plea of guilty followed by a deferred sentence and judgment is a conviction for purposes of implicating the double jeopardy clause); People v. Jacquez, 196 Colo. 569, 588 P.2d 871 (1979) (see exhaustive recitation of cases cited in n. 2).
In the context of the bail bond statute, a plea of guilty, when accepted by the court which grants a deferred judgment and sentence, constitutes a conviction. The statute which authorizes the granting of a deferred sentence states:
"Deferred sentencing of defendant. (1) In any case in which the defendant has entered a plea of guilty, the court accepting the plea has the power, with the written consent of the defendant and his attorney of record and the district attorney, to continue the case for a period not to exceed two years from the date of entry of such plea for the purpose of entering judgment and sentence upon such plea of guilty. During such time, the court may place the defendant under the supervision of the probation department."
Section 16-7-403(1), C.R.S.1973 (1978 Repl. Vol. 8). The statute mandates that the *377 trial court accept the defendant's guilty plea before granting a deferred sentence. Section 16-7-206(3), C.R.S.1973 (1978 Repl. Vol. 8), provides:
"(3) The acceptance by the court of a plea of guilty acts as a waiver by the defendant of the right to trial by jury on all issues including the determination of the penalty to be assessed, and the acceptance of such plea also acts as a conviction for the offense."
(Emphasis added.) When the statutes governing bail bonds [section 16-4-105(1)(n) ], deferred sentences [section 16-7-403(1)], and pleas of guilty [section 16-7-206(3)], are read together; the only reasonable interpretation is that a plea of guilty upon which a deferred sentence is granted constitutes a conviction.
We have held that in construing the word "conviction," the key factor to be considered is the legislative intent behind the use of the word in the statute involved. Jacquez, 196 Colo. at 571 n. 2, 588 P.2d at 873 n. 2. The United States Supreme Court, relying upon congressional intent and purpose, recently held that a defendant had been "convicted" for purposes of title IV of the Gun Control Act of 1968, 18 U.S.C. §§ 922(g)(1) and (h)(1) (1976 Ed. & Supp. V) (which makes it a crime for anyone who has been convicted of a crime punishable by imprisonment for more than one year to ship, transport, or receive any firearm), when he entered a plea of guilty, received a deferred sentence, and was placed on probation, even though the record of the conviction was expunged under state law following a successfully-served term of probation. Dickerson v. New Banner Institute, Inc., ___ U.S. ___, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983).[3] The Court stated:
"In some circumstances, we have considered a guilty plea alone enough to constitute a `conviction': `A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence.' Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927)."
103 S.Ct. at 991. The Court reasoned that this result was in accord with the congressional intent of prohibiting the possession of firearms by persons who might be expected to misuse them.
Similarly, the interpretation of "conviction" which we reach here is consistent with the legislative intent behind the alternatives to bail bonds provided in the statutes governing pretrial release. We have stated that the primary purpose of bail is to assure the presence of the accused at trial. People v. Sanders, 185 Colo. 153, 522 P.2d 735 (1974). However, the legislature may impose reasonable conditions under which an accused may be released on a personal recognizance bond in order to assure his or her continued presence in connection with criminal proceedings. Id. For purposes of determining the likelihood that the accused will be present at trial, a plea of guilty upon which a deferred sentence is granted has the same relevance during the period of deferment as a jury verdict and judgment of conviction. Thus, the legislature properly *378 enacted the statute which allows the trial court to consider a defendant's prior plea of guilty, where the defendant received a deferred sentence, at the time of making a bonding decision on a subsequent charge.

III.
The petitioner argues that our decision in People v. Jacquez, 196 Colo. 569, 588 P.2d 871 (1979), mandates reversal of the respondent's ruling. In Jacquez, we held that for purposes of the habitual criminal statute,[4]
"the time of a prior conviction ... is the date the judgment of conviction is entered in the trial court. It is evident from the language used that a plea of guilty, a guilty verdict, or a finding of guilt by the trial judge, alone, could not effectively be used to enhance the punishment for the reason that the conviction process is incomplete. Until there has been an adjudication of guilty by the entry of judgment, the fact of guilt has not been judicially declared."
196 Colo. at 572, 588 P.2d at 873-74 (emphasis added). We disagree that this decision compels us to hold now that the petitioner was not "convicted" for purposes of the bail bond statute.
On the contrary, the Jacquez decision was based on interpretation of statutory language which contained the words "convictions and judgments." 196 Colo. at 572, 588 P.2d at 873. This language evidences a legislative intent that more than a "mere" conviction is requireda judgment is a necessary predicate before the conviction may be used for sentence enhancement purposes under the habitual criminal statute. There is more than a semantic difference between a conviction and a judgment of conviction. See Crim.P. 32(c). Jacquez should not be read as anything more than a decision in which we interpreted the meaning of "conviction" in accord with legislative intent.
Section 16-7-403(1) itself indicates that there is a difference between conviction and judgment. The first part of the section, as we have determined, means that the defendant is "convicted" upon the acceptance by the trial court of his guilty plea. The statute goes on to provide that the case is continued "for the purpose of entering judgment and sentence upon such plea." In People v. Widhalm, we held that a deferred judgment "permits a defendant to plead guilty without the entry of a judgment of conviction." 642 P.2d 498, 500 (Colo.1982) (emphasis added). In the context of a deferred judgment and sentence, a "conviction" occurs upon the acceptance by the trial court of the defendant's plea of guilty; whereas, a "judgment of conviction" occurs, if at all, when it is determined that the defendant has violated the conditions of the deferred judgment and sentence, in which case the trial court must impose a sentence. Widhalm, 642 P.2d at 500.
We hold that the term "conviction," as used in section 16-4-105(1)(n), includes the situation present here where a defendant enters a plea of guilty, the trial court accepts the plea, and a deferred judgment and sentence is granted to the defendant. Therefore, the district court did not err in holding that the petitioner was ineligible for a personal recognizance bond.
We discharge the rule.
NOTES
[1] Section 18-5-306(2), C.R.S.1973 (1978 Repl. Vol. 8 & 1982 Supp.). The constitutionality of this provision, nicknamed the "turkey-drug statute," was upheld by this court in People v. Moore, No. 82SA561; People v. Griffith, No. 82SA578; and People v. Irish, No. 83SA35, 674 P.2d 354, which opinions were announced on January 9, 1984.
[2] Section 18-4-401(1), C.R.S.1973 (1978 Repl. Vol. 8).
[3] The question of whether a person has a record of "conviction" within the meaning of section 16-4-105(1)(n), C.R.S.1973 (1978 Repl.Vol. 8 & 1982 Supp.), after successfully completing the period of the deferred sentence is not before us. We note, however, that under our statutory scheme, the defendant in such a case would no longer be "convicted." For the purposes of the statute, section 16-7-403(2), C.R.S.1973 (1978 Repl.Vol. 8 & 1983 Colo.Sess. Laws ch. 187), provides in pertinent part: "Upon full compliance with [the conditions imposed upon him] by the defendant, the plea of guilty previously entered shall be withdrawn and the action against the defendant dismissed with prejudice." (Emphasis added.) When the plea is withdrawn, the earlier acceptance of the guilty plea by the court is vitiated and section 16-7-206(3) does not apply. Moreover, C.R.E. 410 would apply to such a situation. C.R.E. 410 states in pertinent part: "Except as otherwise provided by statutes of the State of Colorado, evidence of a plea of guilty, later withdrawn,... to the crime charged or any other crime, ... is not admissible in any civil or criminal action, case, or proceeding against the person who made the plea or offer." Thus, evidence of the guilty plea is no longer admissible after successful completion of the period of the deferred sentence.
[4] Sections 16-13-101 to -103, C.R.S.1973 (1978 Repl.Vol. 8).