2015 COA 126

Linda MCKINLEY and William
McKinley, Plaintiffs–
Appellees,

v.

CITY OF GLENWOOD SPRINGS,
Defendant–Appellant.

Court of Appeals No. 14CA1039

Colorado Court of Appeals,
Div. VI.

Announced September 10, 2015

Dennis M. Walters, P.C., Dennis Walters, Glenwood Springs, Colorado; Freeman & Freeman, Martin Freeman, Rockville, Maryland, for Plaintiffs–Appellees

Hugh D. Wise III, Aspen, Colorado, for Defendant–Appellant

Opinion by JUDGE FURMAN

¶ 1 Defendant, the City of Glenwood Springs (City), appeals the district court's denial of its motion to dismiss the personal injury claims of the plaintiffs, Linda and William McKinley, under section 24–10–106(1)(d)(I), ·C.R.S. 2014, of the Colorado Governmental Immunity Act (CGIA). The central issue on appeal is whether section 24–10–106(1)(d)(I) waives governmental immunity for injuries occurring in parking areas of a municipal street. Because we conclude that this section waives immunity for injuries occurring in these parking areas, we affirm the district court's order denying the City's motion to dismiss.

## I.  Linda McKinley's Injury

¶ 2 Linda McKinley pulled her car into a parking spot on a municipal street in Glenwood Springs. She stepped out of her car and tripped in a four- to five-inch deep depression in the pavement of the parking area.

¶ 3 The McKinleys filed a complaint seeking to hold the City liable for Linda McKinley's injuries and William McKinley's loss of consortium. The City moved to dismiss the McKinleys' complaint, contending that it was immune from suit under section 24–10–106(1), which protects public entities from suits for tort-based injuries unless the section explicitly waives immunity. This statute explicitly waives immunity for

*[a] dangerous condition of a public highway, road, or street which physically interferes with the movement of traffic on the paved portion,* if paved, or on the portion customarily used for travel by motor vehicles, if unpaved, *of any public highway, road, street, or sidewalk within the corporate limits of any municipality,* or of any highway which is a part of the federal interstate highway system or the federal primary highway system, or of any highway which is a part of the federal secondary highway system, or of any highway which is a part of the state highway system *on that portion of such highway, road, street, or sidewalk which was designed and intended for . . . parking thereon.*

§ 24–10–106(1)(d)(I) (emphasis added).

. ¶ 4 In response to the City's motion, the district court conducted an evidentiary hearing, in accordance with *Trinity Broadcasting of Denver, Inc. v. City of Westminster,* 848 P.2d 916 (Colo.1993). The court found that section 24–10–106(1)(d)(I) waives immunity for injuries occurring in parking areas in municipalities. The court also found that the depression was a dangerous condition that interfered with traffic.

## II.  Section 24–10–106(1)(d)(I)

¶ 5 We are guided by common rules of statutory interpretation. When interpreting a statute, our primary task is to determine and give effect to the intent of the legislature. *Mason v. Adams,* 961 P.2d 540, 543 (Colo.App.1997). To discern legislative intent, we look first to the statutory language, giving words and phrases their plain and ordinary meanings. *Swieckowski v. City of Fort Collins,* 934 P.2d 1380, 1384–85 (Colo. 1997). When reviewing statutory language, we assume the legislature "understands the legal import of the words it uses and does not use language idly, but rather intends that meaning should be given to each word." *Young v. Brighton Sch. Dist. 27J,* 2014 CO 32, ¶ 25, 325 P.3d 571 (internal quotation marks omitted). And, we do not adopt statutory interpretations "that lead to unreasonable or absurd results." *Id.* at ¶ 11.

¶ 6 On appeal, the City contends that the grammatical structure of the statute "separates the types of government roads by disjunctive." Such separation, it argues,

makes the final phrase—"on that portion of such highway, road, street, or sidewalk which was designed and intended for ... parking thereon"—only applicable to "highways" that are part of the "state highway system." We disagree.

¶ 7 Our disagreement with the City is based on the following:

- The CGIA specifically provides four categories of thoroughfares: (1) municipal highways, roads, streets and sidewalks; (2) highways that are part of the federal interstate or federal primary highway system; (3) highways that are part of the federal secondary highway system; and (4) highways that are part of the state highway system.

- The municipal category is the only category that mentions a "highway, road, street, or sidewalk." § 24–10–106(1)(d)(I).

- The "parking thereon" phrase applies to a "highway, road, street, or sidewalk." *Id.*

- Therefore, the "parking thereon" phrase must apply to municipal highways, roads, streets, or sidewalks.

¶ 8 The City's argument is based on the disjunctive canon under which the use of the word "or" creates alternatives. Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts*, 116 (2012). The City contends that the "parking thereon" phrase applies only to the last category of thoroughfares—highways that are part of the state highway system.

¶ 9 If we were to adopt the City's interpretation while also giving meaning to every word in section 24–10–106(1)(d)(I), *see Young*, ¶ 25, the City's proposed interpretation would lead to an absurd result, *see id.* at ¶ 11. Among other places, the statute would have to waive immunity for injuries on "any highway ... on that portion of such ... sidewalk which was designed and intended for ... parking thereon." We reject this interpretation.

¶ 10 Our supreme court's decision in *Bloomer v. Board of County Commissioners*, 799 P.2d 942 (Colo.1990), overruled on other grounds by *Bertrand v. Board of County*

*Commissioners*, 872 P.2d 223 (Colo.1994), superseded by statute, Ch. 262, sec. 1, § 24–10–103(2.7), 2007 Colo. Sess. Laws 1025, does not compel a different result. That case only addressed whether section 24–10–106(1)(d)(I) waived immunity for injuries occurring on county roads.

¶ 11 The City also contends that it is immune from suit under section 24–10–106(1)(d)(I) because neither Linda McKinley's fall nor the depression "physically interfere[d] with the movement of traffic." Again, we disagree. The phrase "interferes with the movement of traffic" modifies "[a] dangerous condition" in section 24–10–106(1)(d)(I). Thus, this section waives governmental immunity only when a dangerous condition both exists and interferes with the movement of traffic. *See Bloomer*, 799 P.2d at 946 (holding that " 'of a public highway, road, or street which physically interferes with the movement of traffic' " "merely modifies" " 'dangerous condition' ").

¶ 12 The existence of a dangerous condition and its interference with traffic are questions of fact. *See Colucci v. Town of Vail*, 232 P.3d 218, 222 (Colo.App.2009). We defer to the trial court's factual findings unless they are clearly erroneous and unsupported by evidence in the record. *See Walton v. State*, 968 P.2d 636, 643, 645 (Colo. 1998).

¶ 13 The trial court's finding that the depression was a dangerous condition that interfered with traffic is supported by evidence in the record. The record established that cars pull into the City's parking spaces from the City's street, the depression was four to five inches deep, and the surface of the City's parking spaces are normally smooth. *Id.*

¶ 14 We need not address the City's alternative argument that Linda McKinley's fall did not interfere with traffic because, as noted, the trial court found that the depression was a dangerous condition that physically interfered with traffic.

¶ 15 In light of our holding, we reject the City's request for attorney fees under C.R.C.P. 12(b). *Cf.* § 13–17–201, C.R.S. 2014

(requiring the award of attorney fees where a tort action is dismissed under C.R.C.P. 12(b)); *Smith v. Town of Snowmass Vill.*, 919 P.2d 868, 873 (Colo.App.1996) (same).

¶ 16 We finally note that, although section 24–10–106(1)(d)(I) is not ambiguous as to whether it waives immunity for parking areas of a street within the limits of a municipality, it is a poorly written statute. The portion of the section that we have reviewed is only part of the full sentence, but contains 120 words, nineteen prepositional phrases, fifteen commas, and nine disjunctive conjunctions. While it is possible to diagram the grammatical composition of this section to demonstrate the lack of ambiguity, the complexity of such a diagram reinforces our hope that the legislature will rewrite it.

### III.   Conclusion

¶ 17 The order is affirmed.

Booras and Ney *, JJ., concur