2016 COA 9

Augustine Roy ESQUIBEL, Plaintiff–Appellant,

v.

BOARD OF EDUCATION CENTENNIAL SCHOOL DISTRICT R–1, Defendant–Appellee.

Court of Appeals No. 15CA0603

Colorado Court of Appeals, Div. V.

Announced January 14, 2016

Alexander Halpern, LLC, Alexander Halpern, Boulder, Colorado, for Plaintiff-Appellant.

Caplan and Earnest, LLC, W. Stuart Stuller, Kristin C. Edgar, Boulder, Colorado, for Defendant-Appellee.

Opinion by JUDGE FURMAN

¶1 Augustine Roy Esquibel appeals the district court's order denying his motion for a preliminary injunction, which sought to enjoin the Board of Education Centennial School District R–1 (Board) from declaring his school district director seat vacant after he pleaded guilty to felony drug possession under a deferred sentencing agreement. Because we conclude that a board member who pleads guilty to a felony under a deferred sentencing agreement has been "found guilty of a felony" within the meaning of the director vacancy statute, § 22–31–129(1)(e), C.R.S.2015, we affirm the district court's order.

### I. The Vacancy on the Board

¶2 Esquibel was elected as a director to the Board in 2011. While he was still serving as a director, he entered a plea of guilty to resisting arrest and felony cocaine possession. Esquibel entered his plea under a deferred sentencing agreement with the district attorney, which resulted in his judgment and sentence being deferred for a period of twelve months. See § 18–1.3–102(1)(a), C.R.S.2015 ("In any case in which the defendant has entered a plea of guilty, the court accepting the plea has the power ... to continue the case for the purpose of entering judgment and sentence ... for a period not to exceed four years."). When entering the plea, Esquibel acknowledged, "If I have entered into a Stipulation of Deferred Judgment and Sentence, and I have not yet completed the terms of that agreement, my guilty plea may be used against me in any future proceeding."

¶3 Approximately two weeks after Esquibel pleaded guilty, the Board voted on a resolution and declared his seat vacant. This resolution was based on the director vacancy statute, which provides that "[a] school director office shall be deemed to be vacant upon the occurrence of any one of the following events prior to the expiration of the term of office: ... [i]f the person who was duly elected or appointed is found guilty of a felony." § 22–31–129(1)(e).

¶4 Esquibel then brought this action in district court seeking, among other relief, a preliminary injunction. Esquibel's motion for a preliminary injunction asserted he had a reasonable likelihood of success on the merits. This motion was premised on claims that he would be "found guilty of a felony" only if and when he failed to complete the mandatory terms of the deferred sentencing agreement, and that he was compliant with the terms of the agreement. The district court disagreed, ruling that Esquibel did not have a reasonable likelihood of prevailing on the merits. Esquibel challenges the district court's ruling.

### II. "Found Guilty of a Felony"

¶5 A district court's ruling on a motion for a preliminary injunction is re-

viewed with deference and will not be overturned unless it is manifestly unreasonable, arbitrary, or unfair. *Evans v. Romer*, 854 P.2d 1270, 1274 (Colo.1993). But, if the issue on appeal concerns only legal, rather than factual, questions, a district court's preliminary injunction ruling is subject to independent review. *Friends of Denver Parks, Inc. v. City & Cnty. of Denver*, 2013 COA 177, ¶ 38, 327 P.3d 311 (citing *Evans*, 854 P.2d. at 1274).

¶ 6 The issue here only concerns a legal question—the meaning of the term "found guilty of a felony" in the director vacancy statute. § 22–31–129(1)(e). To address this question, we are guided by common rules of statutory interpretation.

¶ 7 When interpreting a statute, our primary task is to determine and give effect to the intent of the legislature. *McKinley v. City of Glenwood Springs*, 2015 COA 126, ¶ 5, 361 P.3d 1080. To discern legislative intent, we look first to the statutory language, giving words and phrases their plain and ordinary meanings. *Swieckowski by Swieckowski v. City of Fort Collins*, 934 P.2d 1380, 1384–85 (Colo.1997). When reviewing statutory language, we assume the legislature "understands the legal import of the words it uses and does not use language idly, but rather intends that meaning should be given to each word." *McKinley*, ¶ 5 (quoting *Young v. Brighton Sch. Dist. 27J*, 2014 CO 32, ¶ 25, 325 P.3d 571). And, we read statutes as a whole, giving "consistent, harmonious, and sensible effect to all its parts." *People v. Summers*, 208 P.3d 251, 254 (Colo. 2009) (citation omitted).

¶ 8 We must determine whether Esquibel was "found guilty of a felony" when he entered his guilty plea. To do so, we look to the language of the deferred sentencing statute and rules of criminal procedure applicable to guilty pleas.

¶ 9 Colorado's deferred sentencing statute requires a defendant to enter "a plea of guilty" to a charge before the court continues the case for the purpose of later entering judgment and sentence. § 18–1.3–102(1)(a). But, a court may not accept a plea of guilty without first determining, among other things, that "the defendant understands the nature of the charge and the elements of the offense to which he is pleading and the effect of his plea" and that "there is a factual basis for the plea." Crim. P. 11(b)(1), (6).

¶ 10 After the court makes these determinations and accepts a plea of guilty, its acceptance "acts as a waiver by the defendant of the right to trial by jury on all issues including the determination of the penalty to be assessed." § 16–7–206(3), C.R.S.2015.

¶ 11 Thus, Esquibel's guilty plea served as a finding of guilt because he waived his right to have a jury decide otherwise. And, "the acceptance of such plea also acts as a conviction for the offense." *Id.*

¶ 12 The dissent nevertheless suggests that the legislature deems a board seat vacant only when a director is "found guilty of a felony" by a judge or jury, not when a defendant is convicted of a felony following a plea of guilty. We respectfully disagree because the term "conviction" is commonly understood to mean "[t]he act or process of judicially finding someone guilty of a crime," *Black's Law Dictionary* 384 (9th ed. 2004), and includes "a verdict of guilty by a judge or jury or a plea of guilty or nolo contendere that is accepted by the court," § 18–1.3–107(8)(c), C.R.S.2015. "Conviction" also includes "having received a deferred judgment and sentence." § 181.3–107(8)(c).

¶ 13 Because the clear intent of the director vacancy statute is to remove a person "found guilty of a felony" from serving on a board of education, § 22–31–129(1)(e), we conclude that the district court did not err by denying Esquibel's motion to enjoin the Board from determining there was a vacancy in his position.

¶ 14 Even so, Esquibel contends that the director vacancy statute does not apply to him because the court's acceptance of his guilty plea does not constitute a "judgment of conviction," which is only entered if he violates the terms of his deferred sentencing agreement. Esquibel points out that when the Board declared his seat vacant, he was in full compliance with the terms of his deferred sentencing agreement. We disagree for several reasons.

¶ 15 First, the director vacancy statute is triggered when a person is "found guilty of a felony," not when the person has had a "judgment of conviction" entered against him. *See* § 22–31–129.

¶ 16 Second, Esquibel confuses his potential future status with his current status. The benefit of a deferred sentencing agreement—including the withdrawal of "the plea of guilty previously entered"—is not realized until a defendant has fully complied with conditions of the deferral period. § 18–1.3–102(2). When the Board declared his seat vacant, Esquibel had not completed the deferral period.

¶ 17 Third, the deferred sentencing statute distinguishes between a "conviction" and a "judgment of conviction." Such a reading is consistent with our supreme court's decision in *Hafelfinger v. District Court*, which held that "a 'conviction' occurs upon the acceptance by the trial court of the defendant's plea of guilty; whereas, a 'judgment of conviction' occurs, if at all, when it is determined that the defendant has violated the conditions of the deferred judgment and sentence." 674 P.2d 375, 378 (Colo.1984) (citing *People v. Widhalm*, 642 P.2d 498, 500 (Colo.1982)). Thus, Esquibel was convicted when the court accepted his guilty plea to cocaine possession. He was also, therefore, necessarily found guilty of a felony. *See M.T. v. People*, 275 P.3d 661, 663 (Colo.App.2010) ("It is true that where sentencing is deferred, there is no *'judgment* of conviction,' .... But in most other contexts involving deferred judgments, accepting a guilty plea yields a conviction."), *aff'd*, 2012 CO 11, 269 P.3d 1219.

¶ 18 Because a defendant under a deferred sentencing agreement has suffered a "conviction," the fact that he or she is in compliance during the deferral period does not erase the collateral consequences of being found guilty of a felony. For example, a person who pleads guilty under a deferred sentencing agreement, but has not yet completed the deferral period, must report the conviction to the nursing board when applying for a license. *Weber v. Colo. State Bd. of Nursing*, 830 P.2d 1128, 1131 (Colo.App.1992).

¶ 19 Esquibel's reliance on *People v. Jacquez*, 196 Colo. 569, 572, 588 P.2d 871, 874 (Colo.1974), for the proposition that until judgment is entered, "the fact of guilt has not been judicially declared," is misplaced. *Jacquez* involved the interpretation of a habitual criminal statute, which specifically required that a prior offense count toward enhanced sentencing only if the prior offense was based on both a "conviction" and "entry of judgment." *Id.* at 572, 588 P.2d at 873–74. But, the director vacancy statute does not require "entry of judgment" for a person to be "found guilty of a felony." § 22–31–129(1)(e).

¶ 20 Esquibel's reliance on *Kazadi v. People*, 2012 CO 73, 291 P.3d 16, for the proposition that a conviction is incomplete until the entry of judgment is also misplaced. *Kazadi* held that a defendant could not bring a Crim. P. 35 challenge to a deferred sentencing agreement because that rule only allows someone to challenge a "judgment of conviction." *Id.* at ¶ 16. Thus, *Kazadi* did not erase the distinction between a "conviction" and a "judgment of conviction," but instead recognized that Crim. P. 35 challenges are limited to the latter. *Id.*

¶ 21 The dissent points to a section of the Colorado Educator Licensing Act of 1991(Act) in which the General Assembly included alternatives to the term "found guilty of a felony." *See* § 22–60.5–107(2)(d), C.R.S.2015 ("When the applicant or holder is found guilty of a felony ... or upon the court's acceptance of a guilty plea or a plea of nolo contendere to a felony[.]"). The dissent reasons that by including "the court's acceptance of a guilty plea" in this section, but omitting this phrase from the board vacancy statute, the legislature must have intended to exclude a court's acceptance of a guilty plea from those events that trigger the vacancy of a school board member's seat.

¶ 22 Although section 22–60.5–107(2)(d) of the Act generally applies to applicants or holders of teacher licenses—not to school board members—we nevertheless believe the Act as a whole is consistent with our construction of the director vacancy statute. Section 22–60.5–107(2)(d), to which the dissent points, *excludes* convictions for felony drug offenses—the offense to which Esquibel

**798**

pleaded guilty. Section 22–60.5–107(2)(d) provides in pertinent part:

> (2) Any license, certificate, endorsement, or authorization may be denied, annulled suspended, or revoked in the manner prescribed in section 22–60.5–108, notwithstanding the provisions of subsection (1) of this section:
>
> . . . .
>
> (d) When the applicant or holder is found guilty of a felony, *other than a felony described in subsection ... (2.6)* of this section, or upon the court's acceptance of a guilty plea or a plea of nolo contendere to a felony, *other than a felony described in subsection ... (2.6)* of this section, in this state or, under the laws of any other state, the United States, or any territory subject to the jurisdiction of the United States, of a crime which, if committed within this state, would be a felony, *other than a felony described in subsection ... (2.6)* of this section, when the commission of said felony, in the judgment of the state board of education, renders the applicant or holder unfit to perform the services authorized by his or her license, certificate, endorsement, or authorization.

(Emphasis added.) Section 22–60.5–107(2.6) provides in pertinent part:

> (2.6)(a) ..., the state board of education shall deny, annul, suspend, or revoke a license, certificate, endorsement, or authorization if the applicant for or holder of the license, certificate, endorsement, or authorization is convicted of a felony drug offense described in part 4 of article 18 of title 18, C.R.S., committed on or after August 25, 2012. The requirement that the state board of education deny, annul, suspend, or revoke a license, certificate, endorsement, or authorization shall only apply for a period of five years following the date the offense was committed.
>
> (b) Nothing in this subsection (2.6) shall limit the authority of the state board of education to deny, annul, suspend, or revoke a license, certificate, endorsement, or authorization if the applicant or holder is convicted of a felony drug offense described in part 4 of article 18 of title 18,

C.R.S., committed prior to August 25, 2012.

¶ 23 But, the Act also states that a "conviction" of a felony drug offense means either a conviction "by a jury verdict" or a conviction by "the acceptance of a guilty plea." *See* § 22–60.5–107(2.6)(c) ("For purposes of this subsection (2.6), 'convicted' or 'conviction' means a conviction by a jury verdict or by entry of a verdict or acceptance of a guilty plea or a plea of nolo contendere by a court."). Thus, for persons who commit felony drug offenses, the terms "conviction," and "acceptance of a guilty plea by a court" have similar meanings under both the Act and our construction of the director vacancy statute.

### III. Conclusion

¶ 24 The district court's order is affirmed.

JUDGE RICHMAN concurs.

JUDGE HAWTHORNE dissents.

JUDGE HAWTHORNE, dissenting.

¶ 25 This appeal presents us with a narrow question: whether plaintiff, Roy Esquibel, was "found guilty of a felony" under section 22–31–129(1)(e), C.R.S.2015, when the court accepted his guilty plea under a deferred sentencing agreement. Because I believe he was not, I respectfully dissent. I first address why I disagree with the majority's analysis, and then I examine the two sections in title 22 (the education title), that contain the phrase "found guilty of a felony": section 129 of article 31, which governs school board director qualifications, and section 109 of article 60.5, which governs educator licensing.

### I. "Found Guilty of a Felony"

¶ 26 The majority concludes that "found guilty of a felony" includes deferred sentencing agreements because courts have found, in other contexts, that when a court accepts a defendant's guilty plea, the defendant has been "convicted." *See Hafelfinger v. Dist. Court,* 674 P.2d 375, 377–78 (Colo.1984) (a court's acceptance of a guilty plea under a deferred sentencing agreement was a "conviction" for purposes of the bail bond statute); *Jeffrey v. Dist. Court,* 626 P.2d 631, 635

n. 4 (Colo.1981) (a court's acceptance of a guilty plea under deferred sentencing statute constitutes a "conviction" for purposes of Double Jeopardy Clause). But the phrase we must interpret is not "convicted of a felony," rather, it is "found guilty of a felony." For this reason, while the majority relies on authorities interpreting the phrase "conviction," I find those cases minimally persuasive in this context.

¶ 27 Additionally, the majority's analysis focuses not on the plain and ordinary meaning of "found guilty of a felony," but rather on the plain and ordinary effect of a guilty plea. Because, it reasons, a court must make certain findings in order to accept a guilty plea,[1] the court's acceptance of the plea is a finding of guilt. But finding a factual basis for a plea (a requirement that a defendant may waive), and finding that a defendant understands the crime with which he has been charged is not the same as finding that a defendant is guilty. Therefore, I believe the proper focus remains the plain and ordinary meaning of the phrase in question, and I look to other sections of the education title for guidance. *See, e.g., Bob Blake Builders, Inc. v. Gramling,* 18 P.3d 859, 862 (Colo.App. 2001) (all general terms must be construed in the context of the entire title or article); *Freedom Newspapers, Inc. v. Tollefson,* 961 P.2d 1150, 1153 (Colo.App.1998) ("[T]he rule of consistent usage requires that, when the General Assembly uses the same words or phrases in different parts of a statute, then, in the absence of any manifest indication to the contrary, the meaning attributed to the words or phrases in one part of the statute should be ascribed to the same words or phrases found elsewhere in the statute.").

¶ 28 The phrase "found guilty of a felony" appears in one other section of the education title: section 107 of article 60.5, which governs educator licensing. *See* § 22–60.5–107(2)(d), C.R.S.2015. There, however, the General Assembly included additional language that encompasses guilty pleas entered under a deferred judgment agreement. *See id.* ("When the applicant or holder is found guilty of a felony . . . or upon the court's acceptance of a guilty plea or a plea of nolo contendere to a felony[.]"). Section 107 therefore distinguishes "found guilty of a felony" from the court's acceptance of a guilty plea and illustrates that where the legislature wished to include the court's acceptance of a guilty plea entered under a deferred judgment agreement as a disqualifying event, it knew how to do so. *See Well Augmentation Subdistrict v. City of Aurora,* 221 P.3d 399, 419 (Colo.2009).

¶ 29 By including "or upon the court's acceptance of a guilty plea" in section 107, but omitting that phrase from section 129, the legislature must have intended to exclude a court's acceptance of a guilty plea, including those accepted as part of a deferred judgment agreement, from those events that trigger the vacancy of a school board member's seat. *See, e.g., Cody Park Prop. Owners' Ass'n, Inc. v. Harder,* 251 P.3d 1, 9 (Colo. App.2009) ("When the General Assembly includes a provision in one statute but omits that provision from another similar statute, the omission is evidence of its intent.").

¶ 30 While one may disagree with the outcome of this construction, it is not our role to rewrite or eliminate clear and unambiguous statutes merely because we do not believe the General Assembly would have intended the consequences of its enactments. *People v. Cooper,* 27 P.3d 348, 360 (Colo.2001) (Coats, J., dissenting). To conclude that acceptance of a guilty plea under a deferred judgment agreement results in the vacancy of a school board member's seat would require reading language into section 129 that simply is not there, *see Nat'l Farmers Union Prop. & Cas. Co. v. Estate of Mosher,* 22 P.3d 531, 534 (Colo.App.2000) ("We are not at liberty to read additional terms into, or to modify, the plain language of a statute . . . ."), or would render superfluous the language in section 107, *see City & Cnty. of Denver v. Denver Firefighters Local No. 858,* 2014 CO 15, ¶ 10, 320 P.3d 354 (our interpretation must not render any statutory provisions absurd or unreasonable).

---

1. Some of those findings include that a defendant understands the nature of the charge, that he understands the possible penalties, and that there is a factual basis for the plea. Crim. P. 11(b)(1), (6).

¶ 31 I would therefore conclude that Esquibel has not been "found guilty of a felony" as contemplated by section 22–31–129, and that the district court erred in denying Esquibel's motion for preliminary injunction on that basis.

## II. Conclusion

¶ 32 For the foregoing reasons, I would reverse the district court's order and remand the case for further proceedings.