COLORADO COURT OF APPEALS                                    **2016COA136**

Court of Appeals No. 14CA2254
El Paso County District Court No. 09CR4453
Honorable William B. Bain, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Aaron Michael Blackwell,

Defendant-Appellant.

ORDER AFFIRMED

Division VI
Opinion by JUDGE FURMAN
Miller and Navarro, JJ., concur

Announced September 22, 2016

Cynthia H. Coffman, Attorney General, Lisa K. Michaels, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Kimberly Penix, Alternate Defense Counsel, Denver, Colorado, for Defendant-
Appellant

¶ 1     Aaron Michael Blackwell appeals the district court's order revoking his deferred judgment for theft from an at-risk victim after he pleaded guilty to driving after revocation prohibited (DARP) in a later, unrelated deferred judgment agreement.  Blackwell contends that his plea in the DARP case is not sufficient to prove that he violated a state criminal law — a condition of his deferred judgment in this case.  Because we conclude that Blackwell's later plea to DARP — a state criminal offense — constitutes a conviction within the meaning of the revocation hearing statute, § 16-11-206(3), C.R.S. 2016, we affirm the district court's order.

## I.  The Deferred Judgment

¶ 2     Blackwell pleaded guilty to theft from an at-risk victim, and the district court deferred the judgment against him with the condition that he "violate no federal, state, or local criminal law."

¶ 3     In a later case, Blackwell pleaded guilty to DARP, a class one misdemeanor.  The district court also deferred the judgment against Blackwell in the DARP case.

¶ 4     The prosecution then filed a motion to revoke Blackwell's deferred judgment in the theft case based on Blackwell being convicted of DARP.

1

¶ 5     After a revocation hearing, the district court found that Blackwell's guilty plea in the DARP case showed that he had committed DARP in violation of the terms of his deferred judgment in the theft case.  The court subsequently revoked Blackwell's deferred judgment.

## II.  Applicable Law and Standard of Review

¶ 6     The revocation hearing statute provides that the prosecution normally has the burden to establish by a preponderance of evidence that a defendant violated a condition of a deferred judgment.  *See* § 16-11-206(3).  But, if the violation of the deferred judgment is a criminal offense, the violation "must be established beyond a reasonable doubt unless the [defendant] has been convicted thereof in a criminal proceeding."  *Id.*

¶ 7     We must determine whether a defendant who pleads guilty to a state criminal offense in the course of entering into a later deferred judgment agreement has been "convicted" within the meaning of the revocation hearing statute.  To make this determination, we are guided by common rules of statutory interpretation.

¶ 8    When interpreting a statute, our primary task is to determine and give effect to the intent of the legislature. *Esquibel v. Bd. of Educ. Centennial Sch. Dist. R-1*, 2016 COA 9, ¶ 7 (citing *McKinley v. City of Glenwood Springs*, 2015 COA 126, ¶ 5). To discern legislative intent, we look first to the statutory language, giving words and phrases their plain and ordinary meanings. *Id.* And, in construing the word "conviction," the key factor to be considered is the legislative intent behind the use of the word in the statute involved. *Hafelfinger v. Dist. Court*, 674 P.2d 375, 376-77 (Colo. 1984) (citing *People v. Jacquez*, 196 Colo. 569, 571 n.2, 588 P.2d 871, 873 n.2 (1979)).

¶ 9    The current statute that authorizes the granting of a deferred judgment mandates that the court accept the defendant's guilty plea before granting a deferred judgment and sentence. § 18-1.3-102(1)(a), C.R.S. 2016. And, section 16-7-206(3), C.R.S. 2016, provides that the court's acceptance of such a plea "also acts as a conviction for the offense." Thus, when the revocation hearing statute is read with the statutes governing deferred judgments and acceptance of guilty pleas, the only reasonable interpretation is that a defendant who pleads guilty to a state criminal offense in the

3

course of entering into a later deferred judgment agreement has been "convicted" within the meaning of the revocation hearing statute.

¶ 10     In *Hafelfinger*, our supreme court considered whether "a plea of guilty upon which a deferred sentence is granted constitutes a conviction." 674 P.2d at 376-77. The court affirmed the trial court's ruling that the defendant was ineligible for a personal recognizance bond because he had earlier pleaded guilty to dispensing a dangerous drug in the course of entering into a deferred judgment agreement. The court reasoned that when the statutes governing bail bonds, deferred sentences, and pleas of guilty are read together, that was "the only reasonable interpretation." *Id.*; *see Esquibel*, ¶ 17 (determining the defendant was "convicted" after he pleaded guilty to felony drug possession under a deferred judgment agreement).

¶ 11     We review a trial court's decision to revoke a deferred judgment for an abuse of discretion. *See People v. Ickler*, 877 P.2d 863, 866 (Colo. 1994) ("[W]hether probation should be revoked, once a violation is found, is within the discretion of the trial court."). A court abuses its discretion when its "decision is

4

manifestly arbitrary, unreasonable, or unfair." *People v. Salazar*, 2012 CO 20, ¶ 13.

## III. Analysis

¶ 12    We conclude that the district court did not abuse its discretion in revoking Blackwell's deferred judgment.  Blackwell pleaded guilty to DARP, which resulted in a conviction and a violation of the terms of his deferred judgment in the theft case.  § 16-11-206(3); *see Hafelfinger*, 674 P.2d at 378; *Esquibel*, ¶¶ 17-20.

¶ 13    Yet, Blackwell contends that a guilty plea resulting in a deferred judgment is not a conviction based on the supreme court's statement in *Kazadi v. People*, 2012 CO 73, ¶ 19, that "[a] deferred judgment is not a judgment of conviction or a final, appealable judgment."  We disagree.  The revocation hearing statute is based on a defendant's being subsequently "convicted" of a crime, not receiving a "judgment of conviction."  § 16-11-206(3).  The supreme court has made a distinction between these two terms.  *See Hafelfinger*, 674 P.2d at 378 ("[A] 'conviction' occurs upon the acceptance by the trial court of the defendant's plea of guilty; whereas, a 'judgment of conviction' occurs, if at all, when it is determined that the defendant has violated the conditions of the

5

deferred judgment and sentence . . . ." (citing *People v. Widhalm,* 642 P.2d 498, 500 (Colo. 1982))).

¶ 14    Blackwell also contends that the district court did not find beyond a reasonable doubt that he violated the law.  The district court, however, did not have to find beyond a reasonable doubt that Blackwell violated the law because the district court's acceptance of Blackwell's guilty plea to DARP amounted to a conviction.  *See* § 16-11-206(3).

IV.  Conclusion

¶ 15    The order is affirmed.

JUDGE MILLER and JUDGE NAVARRO concur.